```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAFAEL PRADO, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | CIVIL NO. 05-0938 (JBS) |
| v. | [CRIM. NO. 01-373-7 (JBS)] |
| UNITED STATES of AMERICA, | |
| Respondent. | **OPINION** |

APPEARANCES:

Mr. Rafael Prado
#40390-050
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320
    Petitioner pro se

Christopher J. Christie
United States Attorney
    By:  William E. Fitzpatrick
         Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Attorney for Respondent

**SIMANDLE**, District Judge:

    Petitioner Rafael Prado brings this pro se civil action for habeas corpus relief pursuant to 28 U.S.C. § 2255. Petitioner plead guilty to a one count Indictment, which charged him with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (i.e. crack cocaine), contrary to Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(A), in violation of Title 21, United States Code, Section 846.

Petitioner argues that he is entitled to a new sentencing hearing pursuant to the United States Supreme Court's decision in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), and that this Court should review the quantity of drugs attributed to Petitioner for sentencing purposes.  For the reasons discussed below, Petitioner's application for a writ of habeas corpus will be denied.

## BACKGROUND

On September 13, 2001, Petitioner plead guilty to a one count Indictment, which charged him with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (i.e. crack cocaine), contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), in violation of Title 21, United States Code, Section 846.  The plea agreement included a stipulation that Mr. Prado was properly accountable for more than 1.5 kilograms of crack cocaine, as well as a stipulation that Petitioner knowingly and voluntarily waived his right to file a § 2255 motion if he was sentenced at an offense level 35 of less. (Govt.'s Exs. 1-3.)

On May 24, 2002, this Court conducted a sentencing hearing, during which the parties agreed that the guideline range was

properly calculated to be between 360 months and life imprisonment.  However, the United States filed a motion for downward departure under U.S.S.G. 5K1.1 due to Petitioner's substantial assistance to law enforcement.  The Court granted the Government's motion and sentenced Petitioner to a term of 200 months imprisonment.  Mr. Prado's sentence corresponded to an offense level less than 35, thereby triggering his waiver of collateral attack.  (Govt.'s Ex. 4.)

On June 4, 2002, counsel for Petitioner filed a timely notice of appeal and, thereafter, a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which counsel certified that after a conscientious examination of the case, he had determined that Petitioner's appeal was wholly frivolous.  On July 14, 2004, the United States Court of Appeals for the Third Circuit affirmed the judgment of the trial court.  Petitioner's judgment therefore became final on or about October 17, 2004.

Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on January 19, 2005.  On March 22, 2005, this Court issued a notice to Petitioner pursuant to <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), to which Petitioner did not respond.  The Court issued an Order to Answer, directing the Government to file an answer or, alternatively, any appropriate motion, on May 6, 2005.

**DISCUSSION**

Jurisdiction

Title 28 U.S.C. § 2255 permits a prisoner in custody under a sentence of a federal court to move the court which imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426 (1962). The prisoner may assert the right to be released upon several grounds, including that the sentence was imposed in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255.

Waiver of Right to File a § 2255 Petition

Although 28 U.S.C. § 2255 generally provides a prisoner with the right to file an application for a writ of habeas corpus as a means of collaterally attacking the sentence imposed, Petitioner in this case waived that right.  Stipulation 6 of Schedule A to Petitioner's plea agreement provides, in pertinent part:

> 6. Rafael Prado knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentence – including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 - that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than [35]. The government will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than [35]. These prohibitions are binding on the

>               parties even if the Court employs a
>               Guidelines analysis different from that
>               stipulated to herein.  Furthermore, any
>               appeal, motion or writ that challenges
>               the sentence Rafael Prado receives, or
>               the manner in which it was determined,
>               and that is not barred by these
>               prohibitions, will be limited to that
>               portion of the sentencing calculation
>               that is inconsistent with or not
>               addressed by this sentencing
>               stipulation.

(Govt.'s Ex. 1.)

   Petitioner's sentence of 200 months is below the sentence called for under an offense level 35 and, therefore, the waiver of collateral attack is triggered.  The Third Circuit Court of Appeals has found waivers of appeals to be generally permissible and enforceable.  United States v. Khattak, 273 F.3d 557 (3d Cir. 2001).  Specifically, such waivers are enforceable if entered into knowingly and voluntarily, unless a miscarriage of justice were to result from their enforcement.  Id.

   Petitioner makes no allegation here that he misunderstood the nature or effect of the waiver provision, nor does he contest the language of that waiver, which plainly states that he knows he has a right to seek post-conviction relief and specifically waives that right.  Moreover, the record unquestionably supports the conclusion that Petitioner's waiver of appeal and post-conviction rights was entered into knowingly and voluntarily. Petitioner signed the plea agreement which clearly states that he has read and that he fully understands the terms of the

agreement.  In addition, Petitioner signed the Rule 11 Form, which states that the plea agreement provides for a waiver of appeal and collateral attack.  Moreover, the Court conducted an inquiry of Petitioner at the time of sentencing to determine whether he understood the nature and consequences of the waiver provision.  (Transcript of Rule 11 Hearing on Sept. 13, 2001, Govt.'s Ex. 3 at pp. 33-38.)  This Court conducted extended colloquy with Mr. Prado specifically about his waiver of the right to collaterally attack his sentence if his total offense level is determined to be level 35 or less.  (Id. at 36:13 to 37:25.)  This Court made the explicit finding that his waiver of § 2255 rights should be accepted, and both counsel agreed that there no reason not to do so.  (Id. at 38:1-7.)  No reason appears why this Court's finding of a knowing, voluntary waiver of § 2255 rights, entered as part of a negotiated plea agreement with the effective assistance of counsel, was erroneous or why such a finding would work an injustice under present circumstances.  Based on this, Petitioner's instant § 2255 application is improper.

<u>Substantive Claim under Blakely/Booker</u>

Even if Petitioner's § 2255 motion were properly before this Court, which it is not based on his waiver of the right to collaterally attack his sentence, Petitioner's application would nevertheless be denied on the merits.  Petitioner attempts to

agreement.  In addition, Petitioner signed the Rule 11 Form, which states that the plea agreement provides for a waiver of appeal and collateral attack.  Moreover, the Court conducted an inquiry of Petitioner at the time of sentencing to determine whether he understood the nature and consequences of the waiver provision.  (Transcript of Rule 11 Hearing on Sept. 13, 2001, Govt.'s Ex. 3 at pp. 33-38.)  This Court conducted extended colloquy with Mr. Prado specifically about his waiver of the right to collaterally attack his sentence if his total offense level is determined to be level 35 or less.  (<u>Id</u>. at 36:13 to 37:25.)  This Court made the explicit finding that his waiver of § 2255 rights should be accepted, and both counsel agreed that there no reason not to do so.  (<u>Id</u>. at 38:1-7.)  No reason appears why this Court's finding of a knowing, voluntary waiver of § 2255 rights, entered as part of a negotiated plea agreement with the effective assistance of counsel, was erroneous or why such a finding would work an injustice under present circumstances.  Based on this, Petitioner's instant § 2255 application is improper.

<u>Substantive Claim under Blakely/Booker</u>

Even if Petitioner's § 2255 motion were properly before this Court, which it is not based on his waiver of the right to collaterally attack his sentence, Petitioner's application would nevertheless be denied on the merits.  Petitioner attempts to

agreement.  In addition, Petitioner signed the Rule 11 Form, which states that the plea agreement provides for a waiver of appeal and collateral attack.  Moreover, the Court conducted an inquiry of Petitioner at the time of sentencing to determine whether he understood the nature and consequences of the waiver provision.  (Transcript of Rule 11 Hearing on Sept. 13, 2001, Govt.'s Ex. 3 at pp. 33-38.)  This Court conducted extended colloquy with Mr. Prado specifically about his waiver of the right to collaterally attack his sentence if his total offense level is determined to be level 35 or less.  (<u>Id</u>. at 36:13 to 37:25.)  This Court made the explicit finding that his waiver of § 2255 rights should be accepted, and both counsel agreed that there no reason not to do so.  (<u>Id</u>. at 38:1-7.)  No reason appears why this Court's finding of a knowing, voluntary waiver of § 2255 rights, entered as part of a negotiated plea agreement with the effective assistance of counsel, was erroneous or why such a finding would work an injustice under present circumstances.  Based on this, Petitioner's instant § 2255 application is improper.

<u>Substantive Claim under Blakely/Booker</u>

Even if Petitioner's § 2255 motion were properly before this Court, which it is not based on his waiver of the right to collaterally attack his sentence, Petitioner's application would nevertheless be denied on the merits.  Petitioner attempts to

raise a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  Petitioner's conviction became final on October 12, 2004.[1]  The United States Supreme Court, however, did not render its decision in Booker until January 12, 2005.

In Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Third Circuit Court of Appeals held that Booker announced "a new rule of criminal procedure for purposes of Teague v. Lane, 489 U.S. 288 (1989)."  Lloyd, 407 F.3d at 612-13.  Under Teague, "a new rule of criminal procedure 'will not be applicable to those cases which have become final before the new [rule is] announced.'"  Lloyd, 407 F.3d at 611 (quoting Teague, 489 U.S. at 310).  The Third Circuit also ruled that because Blakely "reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system," "[i]t is the date on which Booker issued, rather than the date on which Blakeley issued, that is the appropriate

---

[1] There is an argument to be made that Petitioner's conviction was not final until November 3, 2004, if the 90 day period is calculated from the date upon which the mandate was issued.  Generally, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."  Supreme Court Rule 13(3).  The Third Circuit affirmed the trial court's judgment on July 14, 2004, but did not issue its mandate until August 5, 2004.  In any event, whether the appropriate date for finality of conviction here is October 12, 2004 (as the Government contends) or November 3, 2004, the outcome remains the same.

7

dividing line." Lloyd, 407 F.3d at 611-12 n.1 (citing McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).

Petitioner's judgment was indisputably final at the point that Booker was decided. The Third Circuit also concluded that the rule announced in Booker does not fall within Teague's narrow exception for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Lloyd, 407 F.3d at 613-16 (internal citation omitted). The Third Circuit emphasized:

> [I]n the opinion authored by Justice Breyer, the unconstitutionality of the Guidelines was remedied by excising the provision, at 18 U.S.C. § 3553(b)(1), that made their application mandatory. See Booker, 543 U.S. at ___, 125 S. Ct. at 756-57. By creating an advisory federal sentencing regime, the Booker Court did not announce a new rule of criminal procedure that significantly increases the "certitude" or "accuracy" of the sentencing process . . . because defendants' sentences "would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system."

Lloyd, 407 F.3d at 615 (internal citations omitted) (quoting McReynolds, 397 F.3d at 481).

The Third Circuit thus concluded that "[b]ecause Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January

8

12, 2005, the date Booker issued." Lloyd, 407 F.3d at 615-16. Based on this, Petitioner's Booker claims must be dismissed.

Moreover, Petitioner seeks review of the drug weight in light of the Blakely decision. In entering a guilty plea, Petitioner stipulated that he was accountable for more than 1.5 kilograms of crack cocaine and that this drug amount resulted in a Base Offense Level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1). The Supreme Court in Blakely specifically held that a court may constitutionally impose a sentence based on "facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537, 2541 (emphasis added). As Petitioner admitted the amount of drugs properly attributable to him for sentencing purposes, and his sentence was based upon this admitted fact, such a claim is beyond the scope of Blakely and thus affords him no relief. In other words, nothing about this sentence would offend the rule in Blakely, even if Blakely were applied retroactively to this § 2255 petition.

**CONCLUSION**

Therefore, for all of the reasons discussed above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 will be denied.  The accompanying Order is entered.

**June 27, 2005**                              s/ *Jerome B. Simandle*
DATE                                                         JEROME B. SIMANDLE
                                                             United States District Judge

10